## Southern Railway Co. v. John Stewart.

1. FELLOW-SERVANTS—*Burden of Proving the Relation is upon the Defendant.*—The burden of proving the relation of fellow-servants is upon the defendant.

2. INSTRUCTIONS—*Where the Same Errors Appear in the Instructions of Both Parties.*—A party can not complain of erroneous instructions given in behalf of his adversary where similar errors appear in his own instructions.

Trespass on the Case, for personal injuries. Appeal from the City Court of East St. Louis; the Hon. SILAS COOK, Judge presiding. Heard in this court at the August term, 1902. Affirmed. Opinion filed March 2, 1902.

KRAMER, CREIGHTON & SHAEFFER, attorneys for appellant; ALEXANDER P. HUMPHREY, of counsel.

A. A. HUNT and B. H. CANBY, attorneys for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit in the City Court of East St. Louis, by appellee against appellant, to recover for a personal injury. Verdict and judgment in favor of appellee for $400.

The declaration charges that appellee was engaged in the service of appellant, in transferring grain from one car to another; that the manner of making such transfer was for

appellant to place a loaded car and an empty car opposite each other on parallel tracks and the grain was transferred by means of a shute-box extending from the door of the loaded car to the door of the empty car; that while appellee was engaged in the performance of his duties appellant negligently ran an engine against one of the cars, causing it to violently move from its position, and threw appellee from the shute-box against the car door, thereby injuring him.   The plea was not guilty.

All the material allegations are established by the evidence.   In this respect the verdict and judgment are well supported.

Appellant's counsel contend that appellee and those in charge of the engine that caused the injury were fellow-servants.   Under the facts disclosed by the evidence it is clear that they were not *per se*, and as matter of law, fellow-servants.   There was no direct co-operation between appellant and the switching crew.   If there can be said to have been any co-operation at all it was remote, and at most raised only a question of fact for the jury, as to whether they were fellow-servants.   Upon this question the burden of proof was upon appellant.   Hartley v. C. & A. R. R. Co., 197 Ill. 440; C. & A. R. R. Co. v. House, 172 Ill. 601.

Appellant's counsel further contend that there is error in the first instruction given on behalf of appellee, in this, that it wholly ignores the defense of fellow-servant.   The instruction complained of is as follows :

" The court instructs the jury that if you believe from the evidence the plaintiff was injured in manner and form as alleged in the declaration, that such injuries were caused by the negligence of the defendant as alleged in the declaration, and that the plaintiff at the time of and prior to his said injuries was in the exercise of ordinary care for his own safety, then and in that case your verdict should be for the plaintiff."

Assuming that the defense of fellow-servant was involved in the case, the criticism is just; but as was said by our Supreme Court in Springfield Consolidated Ry. Co. v. Puntenney, 200 Ill. 9 :

"It is sufficient answer to say, if this was error it was participated in by the defendant, appellant, as fully as by the plaintiff, appellee."

Appellant's first and fourth instructions are:

"The court instructs the jury that the plaintiff alleges in his declaration that the defendant, through its servants, negligently and carelessly ran a locomotive engine and cars upon the tracks upon which one of the cars from which said chute extended was standing, and the servants of said defendant ran said engine and cars against one of said stationary cars, striking it with great force and violence, while the plaintiff was upon said chute or conveyor, and that the plaintiff was thereby violently thrown against the car door of one of the cars and was injured. The court instructs you that before the plaintiff can recover in this case he must prove by a preponderance of the evidence that the defendant, through its servants, was negligent in the manner charged, and unless you believe from the evidence that the defendant, through its said servants, was guilty as charged in the declaration, then it is your duty to find the defendant not guilty."

"The court instructs the jury that even though you may believe that the plaintiff did sustain some injury, this alone would not entitle him to recover in this case, but before he can recover he must establish by a preponderance of the evidence in this case that said injury was the result of negligence on the part of the defendant, through its servants, as alleged in plaintiff's declaration; and unless the plaintiff has established by this degree of proof that his alleged injury was the result of the negligence he has alleged and set forth in his declaration, then he can not recover in this case, and your verdict should be for the defendant."

We are of opinion that by the verdict and judgment in the trial court, substantial justice has been done in this case, and that it ought not to be reversed.

The judgment of the City Court of East St. Louis is affirmed.