**Fred Ramey et al., Appellees, v. Baltimore and Ohio Southwestern Railroad Company, Appellant.**

INSTRUCTIONS—*approved form as to right of recovery for damage to crops resulting from overflow.*  An instruction upon this subject set forth in *hæc verba* in the opinion is considered and approved.

Action in case.  Appeal from the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding.  Heard in this court at the August term, 1907.  Affirmed.  Opinion filed March 18, 1908.

KRAMER, KRAMER & CAMPBELL, for appellant; EDWARD BARTON, of counsel.

KOERNER & KOERNER, for appellees.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case in the Circuit Court of St. Clair county, by appellees against appellant, to re-

cover damages to the crops and possessions of appellees, caused by the overflowing and flooding of their fields and farm, alleged to have resulted from wrongful and negligent acts of defendant. Trial by jury. Verdict in favor of appellees for $1,900. *Remittitur* $400. Judgment on the verdict for $1,500.

The declaration consists of two counts. Both counts are based upon the same charge of negligence and wrongful conduct, the first claiming damage for injury to crops for the year 1905, and the second, for the year 1906.

The trial court gave to the jury on behalf of appellees four instructions, one as to the requisites of a right to recovery on the first count and one as to the measure of damages; and like ones as to the second count. The instructions are designated in appellant's brief and argument as plaintiffs' instructions Nos. 1, 2, 3 and 4. One and three are the principal ones and are exactly the same, except one applies to the year 1905, and No. 3 applies to the year 1906. The other two simply lay down the rule for the admeasurement of damages, and are also alike, except that they apply to the respective counts.

Instructions numbers one and three are based upon the respective counts of the declaration, and fully and accurately disclose the theory of appellees' case. No. 1 is as follows:

"The court instructs the jury that if they believe from a preponderance of the evidence that in the year 1905, plaintiffs were the lessees and in the rightful possession of the land described in the declaration and mentioned in the evidence as the eastern portion of the Brooks Farm, and that the waters naturally falling and draining upon said portion of said Brooks Farm, had been accustomed naturally to flow and drain therefrom into a natural depression or watercourse running from north to south and passing through and under a trestle of the Vandalia railroad, and if the jury further believe from a preponderance of the evidence that there is a natural stream or watercourse

mentioned in the evidence as Caseyville Creek which
has a well defined bed and channel and which prior
to 1902 flowed in a southwesterly direction, at a dis-
tance of about 1,200 yards, more or less, southeast of
the said Brooks Farm, and north of the defendant's
road-bed and track, until it arrived at a trestle of the
defendant, at which point it turned to the south and
continuing its course in a southwesterly direction
emptied into Spring Lake, and if the jury further be-
lieve from a preponderance of the evidence that in the
year 1902, defendant constructed a ditch along the
north side of its road-bed for a distance of about one
thousand yards and connected the east end of said
ditch with said creek at a point immediately north of
defendant's said trestle, and if the jury further be-
lieve from a preponderance of the evidence that the
natural course of said Caseyville Creek was thereby
changed and the water therein was thereby diverted
and flowed into said ditch and that the said defendant
did cause, permit or allow said ditch to become clogged
or dammed with rock, cinders or other matter, and
that by reason of the defendant thus changing the
natural course of said Caseyville Creek, if the jury
believe from a preponderance of the evidence it was so
changed by the defendant, and defendant's causing
or allowing said ditch to become clogged or dammed,
if the jury believe from a preponderance of the evi-
dence defendant did cause or allow said ditch to be-
come clogged or dammed, the waters flowing in said
creek and said ditch were in the spring of 1905 forced
and carried in a northwestwardly direction towards,
through and under the trestle of the Vandalia first
above mentioned, and into the natural watercourse
which served as a drain for the said Brooks Farm, and
on to and upon the said Brooks Farm, or that the said
water, together with the drift and sediment which was
carried with it, flowed into and clogged and dammed
said above mentioned watercourse and trestle which
served as a drain for the said Brooks Farm, and pre-
vented said watercourse from draining said farm in
as adequate and sufficient a manner as it would other-
wise have done, and if the jury further believe from a
preponderance of the evidence that the plaintiffs were

thereby damaged as charged in the first count of the declaration, then the jury should find for the plaintiffs on the said first count.''

We are of opinion that the above quoted instruction is free from substantial error in both form and substance; that it discloses all the requisites of a right to recover, and that the evidence tends to prove each and every requisite. And we find the same to be true as to instruction No. 3, based upon the second count of the declaration.

Instructions two and four, as to the measure of damages, are in harmony with the rule laid down by this court in the recent case of Baltimore and Ohio Southwestern Railroad Company v. Robert B. Stewart, 108 Ill. App. 652. And we think these instructions were not such in form and structure as could have misled the jury. And we are of opinion that the trial court did not commit material and prejudicial error in modifying appellant's seventh instruction, nor in refusing its first, second and third.

Appellees had presented a claim against the receiver of the Terre Haute & Indianapolis Railroad Company, lessees of the St. Louis, Vandalia & Terre Haute Railroad Company, for damages claimed to have accrued to them by overflow of their crops caused by certain wrongful acts of these companies, prior to the year 1904, and this claim was compromised by appellees accepting $1,250, and signing a release to said receiver and his companies from all claims for damages up to July 8, 1904. Appellant offered this release in evidence, the court sustained appellees' objection to its admission, appellant's counsel duly excepted, and here claim that this ruling of the court was material and reversible error; and say: ''This release ought to have been received in evidence and to have been held a bar to this suit.''

That release was only ''for damages complained of up to this eighth day of July, A. D. 1904.'' The damages upon which that claim was based and the release

finally signed in settlement of that claim are in no way involved in the case at bar. The damages in that case had all accrued, settlement had been made, the money paid and the release signed, long before the damages in the case at bar began to accrue, and further, there does not appear to be any connection between the two injuries nor any privity of relation as to the respective parties. We are of opinion the trial court did not err in refusing to admit the release offered in evidence, for the purpose and on the grounds contended for here.

We find no error in this record that in our judgment would warrant us in interfering with the judgment of the trial court.

The judgment of the Circuit Court is affirmed.

*Affirmed.*